IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mary Pritchard, *et al.*, | : | |
| | : | Case No. 1:08-cv-239 |
| Plaintiffs, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING PLAINTIFFS' |
| Hamilton Township Board of Trustees, *et al.*, | : | MOTION TO SUBSTITUTE |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiffs' Motion to Substitute the Estate of Frank Richardson for the Individual Claims Asserted Against Frank Richardson (doc. 77). Because Plaintiffs have failed to comply with requirements of Rule 25(a) of the Federal Rules of Civil Procedure, the motion will be **DENIED**.

## I.

Named Defendant Frank Richardson, the former Chief of the Hamilton Township Police Department, died when this case was pending on appeal. Defendants Hamilton Township Board of Trustees, Lt. Phil Johnson, Lt. Jeff Braley, Officer Roger Gilbert, and Gayle Gilbert, filed a Statement Noting Death of Defendant Frank Richardson (doc. 71) in this Court on August 11, 2010. Defendants also filed a Suggestion of Death of Defendant Frank Richardson in the Sixth Circuit Court of Appeals on that same day. *Pritchard v. Hamilton Twp. Bd. of Trustees*, No. 09-4594, Doc. 006110704020 (6th Cir. Aug. 11, 2010). Defendants did not identify a successor or representative for Richardson in the notice of death filings.

Plaintiffs now have moved to substitute the Estate of Frank Richardson for the individual claims asserted against him. Defendants oppose the substitution on the grounds that Plaintiffs

1

have failed to comply with Rule 25(a) of the Federal Rules of Civil Procedure. Defendants contend that the Motion to Substitute is untimely, that Plaintiffs failed to identify Richardson's successor or representative in the Motion, and that Plaintiffs failed to properly serve the Motion upon the successor or representative.

## II.

Rule 25 of the Federal Rules of Civil Procedure spells out a procedure for the substitution of a new party upon the death of an existing party. The relevant rule provides:

> a) Death.
>
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> * * * *
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25.

## III.

Both Plaintiffs and Defendants have failed to comply with Rule 25(a). First, Defendants failed to comply with Rule 25(a) because they did not identify the successor or representative of the deceased in the Statement Noting Death. *See Wilcox v. Ohio Penal Indus.*, No. 1:07-cv-554, 2009 WL 4730223, at *2 (S.D. Ohio Dec. 4, 2009) ("The law is well settled that the [s]uggestion of [d]eath must identify the successor or representative of the deceased.") (citation omitted).

2

Because the Statement Noting Death did not comply with Rule 25(a), the ninety-day limitations period for filing a substitution motion has not been triggered. *See id.* (stating that a [s]uggestion of [d]eath that did not name a successor or representative did not trigger the ninety-day period); *Long v. Time Ins. Co.*, No. 2:06-cv-701, 2008 WL 3200844, at *2 (S.D. Ohio Aug. 7, 2008) (same). Accordingly, the Motion to Substitute was not untimely.

However, the Motion to Substitute must be denied on alternative grounds. Plaintiffs failed to serve the Motion to Substitute upon Richardson's successor or representative as required by Rule 25(a). *See Wilcox*, 2009 WL 4730223, at *2 ("[U]nder Rule 25, the successor must also be served with any motion to substitute."). Plaintiffs' failure is understandable given that Defendants did not identify the successor or representative in the Statement Noting Death in this Court or the Suggestion of Death in the Court of Appeals. Plaintiffs will be given an opportunity to remedy this failure as set forth below.

**IV.**

The matter of the substitution of a party for Frank Richardson pursuant to Federal Rule of Civil Procedure 25 should be resolved prior to the final pretrial conference set for January 6, 2012. Accordingly, Defendants hereby are **ORDERED** to file an Amended Statement Noting Death which complies with the requirements of Rule 25 on or before November 30, 2011. Plaintiffs may file an Amended Motion to Substitute on or before December 16, 2011.

IT IS SO ORDERED.

   s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court