IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mary Pritchard, *et al.*, | : | |
| | : | Case No. 1:08-cv-239 |
| Plaintiffs, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER RECONSIDERING THIS |
| Hamilton Township Board of Trustees, *et al.*, | : | COURT'S PRIOR ORDER |
| | : | GRANTING IN PART AND |
| Defendants. | : | DENYING IN PART MOTIONS FOR |
| | : | SUMMARY JUDGMENT |

   This matter is set for trial on January 23, 2012.  On January 5, 2012, in preparation for the final pretrial conference that the Court would hold on the following day, this Court conducted a telephonic status conference with the parties to resolve an issue that arose from the Sixth Circuit's opinion (Doc. 72) affirming this Court's Order Granting in Part and Denying in Part Motions for Summary Judgment (Doc. 64) (hereinafter "Summary Judgment Order").

   Specifically, the Court advised the parties during January 5, 2012 conference that, having reviewed the Sixth Circuit's opinion anew in preparation for trial, the Court now believes there is cause to amend the Summary Judgment Order as to the grant of summary judgment to Defendant Hamilton Township Board of Trustees on the Fourth Amendment claims of Plaintiffs Ted and Mary Pritchard.

   In the Summary Judgment Order, the Court held that the Pritchards' Fourth Amendment claims against Chief Frank Richardson in his individual capacity survived summary judgment. However, the Court also held that the Pritchards' § 1983 claim against Defendant Hamilton Township Board of Trustees, essentially a claim against the Township itself, could not survive

1

summary judgments because Plaintiffs failed to set forth sufficient evidence to create a question of fact as to municipal liability. As stated in this Court's Summary Judgment Order,

> The Sixth Circuit has recognized at least four avenues by which to prove a municipality's policy or custom:
>
> > (1) the municipality's legislative enactments or official agency policies;
> > (2) actions taken by officials with final decision-making authority;
> > (3) a policy of inadequate training or supervision; or
> > (4) a custom of tolerance or acquiescence of federal rights violations.

(Doc. 64 at 25 (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2004)).). In this case, Plaintiffs premised their theory of Hamilton Township's liability on the actions taken by Chief Richardson, an official they purported to possess final decision making authority. The Court rejected that theory, finding that Plaintiffs failed to set forth sufficient evidence that Chief Richardson took actions which caused a violation of the Pritchards' constitutional rights.

While the Sixth Circuit did not review the issue of municipal liability on appeal, it did address the issue of supervisory liability as pertains to the Pritchards' individual capacity claims against Chief Richardson. In addressing that issue, the Sixth Circuit found that:

> [The facts], viewed in the light most favorable to the Plaintiffs, rise above a respondeat superior theory of liability. A reasonable jury could conclude that Chief Richardson condoned this scheme and that his behavior contributed to the alleged constitutional violation.

Based on that analysis, which this Court believes could apply with equal force to the Pritchards' assertion that Hamilton Township should be held liable due to the actions taken by Chief Richardson, the Court now believes that the most prudent course would be to allow the Pritchards to proceed with their Fourth Amendment claims against Hamilton Township at trial. Accordingly, to the extent that this Court granted summary judgment to Defendant Hamilton

Township as to the Pritchards' Fourth Amendment Claims against Hamilton Township, this Court now AMENDS the Summary Judgment Order to DENY summary judgment as to those Claims.

    IT IS SO ORDERED.

                                      ___s/Susan J. Dlott_____
                                      Chief Judge Susan J. Dlott
                                      United States District Court